1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN JOSE DIVISION

11

12 | RAUL RIVERAMENTE,                    )    Case No.: C 06- 7784 PVT
                                          )
13 |              Plaintiff,              )    **ORDER VACATING STIPULATION
                                          )    AND ORDER OF DISMISSAL**
14 |    v.                                )
                                          )
15 | BAY FIBERGLASS & PRECAST             )
   | MANUFACTURING et al.                 )
16 |                                      )
   |              Defendants.             )
17 | _____

18

19        The Fair Labor Standards Act ("FLSA" or "Act") requires employers to pay their

20 employees time and one-half for work exceeding forty hours per week.  *See* 29 U.S.C. §

21 207(a)(1).  An employee's claims under the FLSA is non-waivable, and thus may not be settled

22 without supervision of either the Secretary of Labor or a district court.  *Yue Zhou v. Wang's*

23 *Restaurant*, 2007 WL 172308 at * 1 (N.D.Cal. Jan 17, 2007); *See also Lynn's Food Stores, Inc.*

24 *v. United States*, et al., 679 F. 2d 1350, 1352-53 (11th Cir. 1982); House Report No. 101-664.[1]

25

26    [1]   As used herein, "House Report No. 101-664" refers to House Report No. 101-664, P.l.
   101-433, Older Workers Benefit Protection Act, H.R. Rep. 101-664, H.R. Rep. No. 664, 101st
27 Cong., 2nd Sess. 1990, 1990 WL 200383 (1990).  This report reflects congress' continued intent
   that FLSA claims may not be waived or compromised without supervision of either the Secretary
28 of Labor or a district court.

1    Under the FLSA, an award of reasonable fees is mandatory when a settlement of FLSA

2    claims results in a judgment. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition

3    to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid

4    by the defendant, and costs of the action").  Rule 54(a) of the Federal Rules of Civil Procedure

5    defines "Judgment" as "a decree and any order from which an appeal lies."  Thus, even without a

6    document officially entitled "Judgment," the FLSA's mandatory attorneys fees provision is

7    triggered anytime a settlement of FLSA claims results in a final appealable order of the court.

8    Court determination of whether to award attorneys fees, and if so the amount thereof, is

9    appropriate in connection with the court's review of the fairness of the settlement of FSLA

10   claims.

11          Accordingly, It Is Hereby Ordered that:

12          1.    The Stipulation and Order of Dismissal is VACATED for lack of a review

13                of the fairness of the settlement; and

14          2.    No later than December 14, 2007, the parties shall file either a statement

15                supporting the fairness of the settlement or a stipulation of dismissal under

16                Federal Rule of Civil Procedure 41(a)(1).[2]

17

18   Dated: November  30,  2007

19                                              _____
                                                PATRICIA V. TRUMBULL
20                                              United States Magistrate Judge

21

22

23

24

25

26   _____

27        [2]Because a stipulation under Rule 41(a)(1) does not involve a order of the court, the
     provisions of 29 U.S.C. § 216(b) requiring attorney's fees is not applicable.  The Court expresses
28   no opinion as to the enforceability of any settlement conducted without the approval of either the
     Secretary of Labor or the District Court.